Matter of Goldfarb (2020 NY Slip Op 00859)





Matter of Goldfarb


2020 NY Slip Op 00859


Decided on February 5, 2020


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
RUTH C. BALKIN, JJ.


2018-05426

[*1]In the Matter of Jeffrey M. Goldfarb, admitted as Jeffrey Michael Goldfarb, a suspended attorney. Grievance Committee for the Ninth Judicial District, petitioner; Jeffrey M. Goldfarb, respondent. (Attorney Registration No. 2456986)



DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Ninth Judicial District. By decision and order on motion of this Court dated November 14, 2018, inter alia, the respondent was immediately suspended from the practice of law pursuant to 22 NYCRR 1240.9(a)(2), (3), and (5); and the issues raised were referred to the Honorable Alfred J. Weiner, as Special Referee, to hear and report. By decision and order on motion dated April 26, 2019, on the Court's own motion, inter alia, the Grievance Committee was directed to arrange for the respondent's examination, by a qualified medical expert, to determine whether the respondent was incapacitated by reason of a mental disability or other condition; the respondent was directed to submit any relevant medical records and/or reports by his treating psychiatrist or mental health provider; and the Grievance Committee's motion for a default was held in abeyance. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on February 19, 1992, under the name Jeffrey Michael Goldfarb.



Gary L. Casella, White Plains, NY (Forrest Strauss of counsel), for petitioner.



PER CURIAM.


OPINION & ORDER
In June 2018, the Grievance Committee for the Ninth Judicial District served the respondent, as authorized by an order to show cause of this Court dated June 20, 2018, by means of substituted service with a notice of petition and a verified petition, both dated May 9, 2018, and duly filed those papers with this Court together with an affidavit of service. The petition contained six charges of professional misconduct, alleging, inter alia, neglect and non-cooperation. Simultaneously, the Grievance Committee served a motion which sought the respondent's immediate suspension pursuant to 22 NYCRR 1240.9(a). By decision and order on motion of this Court dated November 14, 2018, among other things, the respondent was immediately suspended from the practice of law pursuant to 22 NYCRR 1240.9(a)(2), (3), and (5), and the issues raised were referred to the Honorable Alfred J. Weiner, as Special Referee, to hear and report.
On January 22, 2019, the Grievance Committee served the respondent with a copy of the November 14, 2018, decision and order on motion in accordance with a modified order of substituted service, and moved to adjudicate the respondent in default for his failure to answer the petition. By decision and order on motion dated April 26, 2019, on the Court's own motion, inter [*2]alia, the Grievance Committee was directed to arrange for the respondent's examination, by a qualified medical expert, to determine whether the respondent was incapacitated from practicing law by reason of a mental disability or condition; the respondent was directed to submit any relevant medical records and/or reports by his treating psychiatrist or mental health provider; and the Grievance Committee's motion for a default was held in abeyance.
By letter dated May 8, 2019, the Grievance Committee served the respondent with a copy of the April 26, 2019, decision and order on motion, and directed the respondent's attention to the directives regarding his examination by a qualified medical expert and the submission of any relevant medical records. The letter requested that the respondent provide the Grievance Committee with certain contact information. To date, the respondent has failed to comply or communicate with the Grievance Committee.
By letter dated July 25, 2019, the Grievance Committee notified Dr. Alan Tuchman that he had been appointed to conduct the examination. A copy of the July 25, 2019, letter to Tuchman was served on the respondent in accordance with the methods authorized by this Court for substituted service. The letter, in bold print, directed the respondent to contact Tuchman by the close of business on August 2, 2019, to make prompt arrangements for his examination by Tuchman and a review of his medical records. On August 7, 2019, Tuchman advised the Grievance Committee that he had not received any communication from the respondent. As an accommodation, Tuchman agreed, however, to schedule an appointment for the respondent to be examined at his office on August 14, 2019, at 2:00 p.m. On August 7, 2019, the Grievance Committee advised the respondent in writing of the August 14, 2019, appointment. On August 15, 2019, Tuchman advised the Grievance Committee that the respondent failed to contact him or appear on August 14, 2019.
The Grievance Committee now moves, inter alia, for a determination that the respondent failed to establish that he is incapacitated from practicing law by reason of mental disability or other condition, and to adjudicate the respondent in default based on his failure to answer the petition, and to deem the charges established.
The instant motion was served on the respondent on August 28, 2019, by first class mail addressed to his addresses in Bloomfield, New Jersey, and Middletown, New York, and sent via email to specified email addresses which were previously used by the respondent. To date, the respondent has neither answered nor requested additional time in which to do so.
Accordingly, the Grievance Committee's motion for a determination that the respondent failed to establish that he is incapacitated from practicing law by reason of mental disability or other condition, and for a default is granted, the charges in the petition are deemed established, and, effective immediately, the respondent is disbarred upon his default, and his name is stricken from the roll of attorneys and counselors-at-law.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and BALKIN, JJ.,concur.
ORDERED that the Grievance Committee's motion is granted; and it is further,
ORDERED that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Jeffrey M. Goldfarb, admitted as Jeffrey Michael Goldfarb, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Jeffrey M. Goldfarb, admitted as Jeffrey Michael Goldfarb, shall continue to comply with the rules governing the conduct of disbarred or suspended
attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Jeffrey M. Goldfarb, admitted as Jeffrey Michael Goldfarb, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another; (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority; (3) giving to another an opinion as to the law or its application or any advice in relation thereto; and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Jeffrey M. Goldfarb, admitted as Jeffrey Michael [*3]Goldfarb, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court